LAKES, Appellant and Cross–Appellee,

v.

MINOR et al., Appellees and Cross–Appellants.

[Cite as *Lakes v. Minor* (1993), 86 Ohio App.3d 386.]

Court of Appeals of Ohio,
Butler County.

Nos. CA92–07–132, CA92–07–144.

Decided Feb. 16, 1993.

*Pratt & Buchert* and *Gregory K. Pratt,* for appellant and cross-appellee.

*Rathman, Combs, Schaefer & Kaup* and *Gene E. Schaefer;* and *Nancy J. Gill,* for appellee and cross-appellant, Mark Minor.

*Vorys, Sater, Seymour & Pease* and *Andrew M. Kaplan,* for appellee, Roberts Express, Inc.

---

JONES, Presiding Judge.

Plaintiff-appellant, Joanne Lakes, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Mark Minor and Roberts Express, Inc. ("Roberts"), in a personal injury action. In addition, Minor brings a cross-appeal of the trial court's denial of his motion for summary judgment with respect to appellant's negligence claim.

The record indicates that Minor is the owner of two tractor-trailer rigs. Roberts is a trucking company that hauls freight interstate under a license from the Interstate Commerce Commission ("ICC"). In March 1988, Roberts entered into a lease agreement with Minor whereby Minor leased a tractor-trailer to Roberts. Pursuant to the agreement, Minor was to furnish qualified drivers to haul freight for Roberts in the tractor-trailer.

In June 1989, appellant began driving the tractor-trailer. She was authorized to drive tractor-trailers by the Ohio Department of Transportation and met the

qualifications required by Roberts. Those qualifications included proof of a chauffeur's license, a copy of a Department of Transportation physical, drug test, and a copy of driving records. Appellant testified during discovery that she was aware of these requirements.

On July 16, 1989, Minor informed appellant that she was to haul a load of freight from Middletown, Ohio, to Detroit with Barbara McKinney. McKinney was neither authorized by Roberts nor licensed by the state to drive a tractor-trailer, but was to travel with Lakes to become familiar with the truck-driving occupation. The evidence indicated that Roberts was not informed of McKinney's presence in the vehicle, as such would have violated the lease agreement that required Minor to provide authorized drivers.

While on the road, McKinney told appellant that she did not have a chauffeur's license and that she had received several traffic citations. Appellant informed McKinney that she was not properly qualified to operate the vehicle for Roberts. Nonetheless, appellant allowed McKinney to take regular shifts driving the tractor-trailer. Following the Detroit haul, appellant and McKinney made a trip to Baltimore and from Baltimore to Newport News, Virginia.

During these hauls, appellant concealed the fact that she was traveling with an unauthorized driver from weigh station authorities and from Roberts. Each time that they would pull into a weigh station, appellant would ensure that she was in the driver's seat to prevent authorities from questioning McKinney as to her qualifications. Similarly, it was appellant who made required telephone contacts with Roberts, thereby concealing the identity of her co-driver.

On July 19, 1989, appellant and McKinney were traveling from Newport News to Wyoming. In Iowa, appellant turned the wheel over to McKinney. McKinney apparently fell asleep at the wheel, and the tractor-trailer collided with a U.S. Army vehicle. Appellant sustained injuries in the accident.

Appellant filed a claim for workers' compensation benefits against Minor pursuant to R.C. 4123.01 *et seq.* Her claim was denied on the basis that she was an independent contractor and not an employee of Minor.

On June 4, 1990, appellant filed an action against Roberts and Minor in the trial court. She claimed that Roberts was liable for McKinney's alleged negligence under the theory of *respondeat superior* and that Roberts was a "noncomplying employer" within the meaning of R.C. 4123.75 and 4123.77. She sought recovery from Minor, asserting that he was a noncomplying employer and that he had negligently entrusted the tractor-trailer to McKinney.

Appellant, Roberts, and Minor filed motions for summary judgment. On April 30, 1992, the trial court filed an entry in which it denied appellant's motion for summary judgment, granted Roberts' motion for summary judgment *in toto,* and

granted Minor's motion for summary judgment as it related to claims arising under R.C. Chapter 4123. The court denied Minor's motion with respect to the claim of negligent entrustment, but included language in its judgment entry certifying that there was no just cause for delaying appeal pursuant to Civ.R. 54(B).

Appellant brings the instant appeal, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of plaintiff/appellant in granting to defendant/appellee Roberts Express summary judgment against plaintiff/appellant."

Assignment of Error No. 2:

"The trial court erred to the prejudice of plaintiff/appellant in granting to defendant/appellee Minor summary judgment against plaintiff/appellant on the issue of plaintiff/appellant's status as an employee of defendant/appellee Minor."

In his cross-appeal, Minor asserts a single assignment of error as follow:

"The trial court erred to the prejudice of defendant-appellee, cross-appellant Mark Minor, in overruling Minor's motion for summary judgment on the issue of negligent entrustment."

In her first assignment of error, appellant claims that the trial court erred in granting summary judgment in favor of Roberts. She first contends that the court erred in finding that McKinney was not an employee of Roberts and that Roberts was therefore not vicariously liable for McKinney's alleged negligence.

Summary judgment is proper when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, which is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 26 OBR 160, 497 N.E.2d 1118; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56.

Appellant contends that McKinney was Roberts' employee, as a matter of law, pursuant to Section 1057.12, Title 49, C.F.R., governing leases for tractor-trailers used in interstate commerce. That section provides, in part, the following:

"(C) Exclusive Possession and Responsibilities—(1) The lease shall provide that the authorized carrier lessee shall have exclusive possession, control, and use

of the equipment for the duration of the lease. The lease shall further provide that the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease."

The Supreme Court of Ohio has held that this language creates an irrebuttable presumption of an employment relationship between the carrier lessee and the driver of the vehicle transporting freight using the carrier's ICC authorization. *Wyckoff v. Marsh Bros. Trucking Serv., Inc.* (1991), 58 Ohio St.3d 261, 569 N.E.2d 1049. The Supreme Court has further held that Section 1057.12 fixes liability on the lessee of the vehicle for accidents involving the vehicle and that the lessee must seek contribution or indemnification from other potentially responsible parties. *Id.* at 266, 569 N.E.2d at 1053. Appellant claims that *Wyckoff* establishes an employment relationship between Roberts and McKinney and also fixes liability on Roberts under the theory of *respondeat superior*.

Appellant's argument is not well taken. As the trial court properly noted, the irrebuttable presumption set forth in *Wyckoff* was intended to be for the benefit of the public at large, not the driver of the leased vehicle. The presumption was intended to prevent the " 'public confusion' " that can arise from the use of non-owned vehicles " 'as to who was financially responsible for accidents caused by those vehicles.' " *Id.* at 264, 569 N.E.2d at 1052, quoting *Empire Fire & Marine Ins. Co. v. Guar. Natl. Ins. Co.* (C.A.10, 1989), 868 F.2d 357, 362. There is no indication that the section was intended to protect a driver of the vehicle, who is in a position to determine the relationships among the various parties to the lease and to determine who is potentially liable.

Appellant does cite cases in which the driver of a leased vehicle has been given the benefit of the Section 1057.12 presumption. See, *e.g., Johnson v. S.O.S. Transport, Inc.* (C.A.6, 1991), 926 F.2d 516. However, we refuse to extend such protection where, as here, the presence of an unauthorized driver of the leased vehicle was deliberately concealed by the person seeking recovery, and where such concealment effectively prevented the lessee from remedying the dangerous situation. As stated in *Wyckoff,* the presumption of employment was intended to relieve the burden of "the innocent victim" in identifying the properly responsible party. See *Wyckoff,* 58 Ohio St.3d at 266, 569 N.E.2d at 1053. Appellant simply is not a member of such protected class.

Appellant also contends that she was an employee of Roberts pursuant to the *Wyckoff* holding and that she is entitled to sue Roberts as a non-complying employer. Once again, we find appellant's argument to be without merit. There is no indication that Section 1057.12 was intended to establish an employment relationship for purposes of state workers' compensation law. As we stated above, appellant is not among those persons intended to be protected pursuant to

Section 1057.12. Further, appellant does not contest the conclusion of the trial court that there was no factual basis upon which to find an employer-employee relationship. Accordingly, appellant's first assignment of error is overruled.

█ In her second assignment of error, appellant claims that the trial court erred in finding that she was not an employee of Minor. As noted above, the hearing officer of the Ohio Industrial Commission found appellant to be an independent contractor with respect to Minor. The trial court adopted the findings of that decision as to the parties' relationship and entered summary judgment in favor of Minor on appellant's claim pursuant to R.C. Chapter 4123. Appellant contends that the trial court erred in finding that she was collaterally estopped from asserting an employer-employee relationship.

Appellant's argument is not persuasive. In its decision, the trial court did not indicate that appellant was collaterally estopped from asserting the issue. It merely stated that, based upon the evidence adduced at the Industrial Commission hearing and in discovery, appellant had failed to establish, as a matter of law, an employer-employee relationship.

█ We find the trial court's conclusion to be supported by the record. The key factual determination in deciding whether a person is an employee or an independent contractor is who had the right to control the manner or means of doing the work. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883. In this regard, the Supreme Court of Ohio has stated the following:

" 'Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created.' " *Id.*, quoting *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234, paragraph two of the syllabus.

In the case at bar, the evidence indicated that Minor had no control over the manner in which appellant performed her job duties. Though he procured drivers, including appellant, for job assignments, there was nothing in the record to suggest that he reserved the right to control the means of doing the work. Therefore, the trial court properly found that appellant was an independent contractor and properly entered summary judgment in favor of Minor as to the workers' compensation claim. Therefore, appellant's second assignment of error is overruled.

In his cross-appeal, Minor argues that the trial court erred in denying his motion for summary judgment on the issue of negligent entrustment. He

contends that, even assuming he was negligent in placing McKinney in the vehicle with appellant, appellant's negligence in allowing McKinney to drive after learning of McKinney's lack of qualifications constituted a superseding cause of the accident.

Whether an intervening act breaks the causal connection between negligence and injury, thereby relieving one of liability for negligence, depends upon whether the intervening cause was a conscious and responsible agency that could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence. *Cascone v. Herb Kay Co.* (1983), 6 Ohio St.3d 155, 6 OBR 209, 451 N.E.2d 815, paragraph one of the syllabus. Where the facts are such that reasonable minds could differ as to such issues, the issues are to be submitted to a jury and generally may not be resolved by summary judgment. *Id.*, paragraph two of the syllabus.

In the instant case, the trial court properly denied Minor's motion for summary judgment with respect to the negligent entrustment claim. We agree with the trial court that genuine issues of material fact remain concerning the circumstances of Minor's placing McKinney in the vehicle, the extent of appellant's negligence, and related questions. Construing the evidence most strongly in appellant's favor, we find that reasonable minds could come to different conclusions concerning Minor's liability for negligent entrustment. Therefore, we find no error in the court's denial of Minor's motion, and Minor's sole assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.