ROSEBERRY et al., Appellees,

v.

BALBOA INSURANCE COMPANY, Appellant.

[Cite as *Roseberry v. Balboa Ins. Co.* (1993), 90 Ohio App.3d 33.]

Court of Appeals of Ohio,
Butler County.

No. CA92–11–229.

Decided Aug. 23, 1993.

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.,* and *Timothy N. Tepe,* for appellees.

*Scheper & McGowan* and *Jack C. McGowan,* for appellant.

JONES, Presiding Judge.

Defendant-appellant, Balboa Insurance Company, appeals a decision of the Butler County Court of Common Pleas which found that liability coverage existed under an insurance policy issued by Balboa to plaintiff-appellee, Robert Roseberry.

The instant action arose out of a single-vehicle accident that occurred on April 19, 1984 in Butler County. The vehicle involved in the accident was an International Harvester Transtar tractor-truck. At the time of the accident, the tractor-truck was owned by Roseberry and under lease to SSD Distribution. As part of the lease agreement, SSD was given exclusive possession, control, and use of the truck for the duration of the lease. The lease also imposed an obligation on SSD to furnish and pay the cost of public liability, property damage and cargo insurance.

On April 18, 1984, Roseberry went on a "run" for SSD. Samuel Grewe, a friend, accompanied Roseberry on the trip. Roseberry picked up a loaded trailer

at an Avon Products facility in Springdale, Ohio, and drove it to Perrysburg, Ohio. Roseberry dropped the trailer off and picked up an empty trailer while in Perrysburg. He and Grewe drove back to the Avon plant, where they dropped off the empty trailer. Roseberry, with Grewe as a passenger, then drove the tractor-truck to a nearby bar where each consumed several beers over a short period of time. Upon leaving the bar, Roseberry accepted Grewe's offer to drive the vehicle back to Middletown, Ohio.

While traveling north on State Route 747, Grewe drove the truck off the road and hit a utility pole. Roseberry suffered several injuries as a result of the accident. Roseberry subsequently filed a civil suit against Grewe and was awarded a judgment in the amount of $24,500 for the injuries he suffered.

Roseberry attempted to recover the damage award from Balboa, his insurance company. On May 17, 1983, Roseberry had purchased an insurance policy from Balboa which covered the tractor-truck involved in the April 19 accident. The insurance policy covered Roseberry's truck for all accidents except where: (a) the person or organization was engaged in the business of transporting property by automobile for another; (b) the vehicle or any trailer attached thereto was used to carry property in any business or while en route or under dispatch for such purposes at the request of any person or organization in such business; or (c) the vehicle was being used in the business of any person or organization to whom the vehicle is being rented.

Non-trucking insurance, such as the insurance policy between Balboa and Roseberry, is commonly referred to as a "bobtail policy, *i.e.,* a tractor without a trailer. Apparently, a bobtail policy is designed to meet insurance requirements when a truck is not hauling freight.

Balboa refused to satisfy the judgment granted in favor of its insured, Roseberry. Roseberry and his wife subsequently filed a complaint against Balboa on May 28, 1991, seeking a declaration that Roseberry was covered under the "bobtail" policy for the accident that occurred on April 19, 1984. Roseberry and his wife also requested that the court order Balboa to satisfy the $24,500 judgment. Both parties filed motions for summary judgment and on September 3, 1992, the trial court granted Roseberry's motion and denied Balboa's motion.

Balboa filed a timely notice of appeal with this court and submits two assignments of error for review which claim that the trial court erred in denying its motion for summary judgment and in granting Roseberry's motion. We will address the assignments of error together.

In support of its argument, Balboa cites a recent Ohio Supreme Court decision which it submits is dispositive of the instant action. In *Wyckoff Trucking, Inc. v. Marsh Bros. Trucking, Inc.* (1991), 58 Ohio St.3d 261, 569

N.E.2d 1049, the Supreme Court established a "bright line" test concerning liability for vehicles leased by interstate motor carriers. The court held that in order for liability to attach on an interstate carrier-lessee under Interstate Commerce Commission ("I.C.C.") regulations, it need only be established that (1) a lease of the vehicle was in effect at the time the cause of action arose, and (2) the vehicle displayed the carrier-lessee I.C.C. number. *Id.* at 266, 569 N.E.2d at 1053. The court also held that I.C.C. regulations create an irrebuttable presumption of an employment relationship between the carrier-lessee and the driver of a vehicle that displays the I.C.C. identification numbers of the carrier-lessee. *Id.* 266–267, 569 N.E.2d at 1053–1054.

Balboa submits that at the time of the accident, Roseberry's truck was under a lease agreement with SSD and the vehicle was displaying an SSD placard listing its I.C.C. identification number. Thus, Balboa argues that the trial court should have found SSD to be a statutory employer of the driver of the truck, and therefore liable for his negligence.

We are not persuaded by Balboa's argument. The irrebuttable presumption set forth in *Wyckoff* was intended for the benefit of the public at large, not for the driver of the leased vehicle. The presumption was intended to prevent the "public confusion" that can arise from the use of non-owned vehicles " 'as to who was financially responsible for accidents caused by those vehicles.' " *Id.*, 58 Ohio St.3d at 264, 569 N.E.2d at 1052, quoting *Empire Fire & Marine Ins. Co. v. Guar. Natl. Ins. Co.* (C.A.10, 1989), 868 F.2d 357, 362. There is no indication that the Interstate Commerce Act was intended to protect a driver or owner of the vehicle, who is in a position to determine the relationships among the various parties to the lease and to determine who is potentially liable. See *Lakes v. Minor* (1993), 86 Ohio App.3d 386, 620 N.E.2d 1015. As stated in *Wyckoff*, the presumption of employment was intended to relieve the burden of "the innocent victim" in identifying the properly responsible party. See *Wyckoff*, 58 Ohio St.3d at 266, 569 N.E.2d at 1053. Here, Roseberry simply is not a member of this protected class.

▮ Although we have held that the principles espoused in *Wyckoff* are not applicable in the instant action, this does not end our analysis. We must next determine whether Roseberry was using his truck to "further the commercial interest of SSD" or whether Roseberry was acting on his own and not in the course of his employment when the accident occurred. If the latter, then Balboa would be liable under the "bobtail" policy executed between it and Roseberry.

Having carefully reviewed the record, we are convinced that Roseberry was not under SSD's control at the time of the accident because he was not en route, under dispatch, or in the service of SSD. The facts show that on the day of the accident, Roseberry hauled a loaded trailer to Perrysburg, Ohio, and delivered an

empty trailer on the return trip to the Avon plant in Springdale, Ohio. Roseberry and Grewe then headed home to Middletown. Roseberry's work for SSD was completed once he dropped off the empty trailer in Springdale.

The evidence clearly establishes that Roseberry was neither authorized by SSD to drive his tractor-truck to Middletown nor was he working within the exclusive business of SSD when he and Grewe left the Avon plant in Springdale and headed to Middletown. Thus, we are convinced that Roseberry and Grewe were indeed "bobtailing" at the time of the accident. See *Midwestern Indemn. Co. v. Reliance Ins. Co.* (1988), 44 Ohio App.3d 83, 541 N.E.2d 478. We therefore hold that the trial court properly granted summary judgment in favor of Roseberry, since liability coverage existed under the insurance policy issued by Balboa to Roseberry. Accordingly, Balboa's two assignments of error are overruled, and the trial court's judgment is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG and WALSH, JJ., concur.