**BALBOA INSURANCE COMPANY, Appellant,**

**v.**

**S.S.D. DISTRIBUTION SYSTEM, INC., Appellee.**

[Cite as *Balboa Ins. Co. v. S.S.D. Distrib. Sys., Inc.* (1996), 109 Ohio App.3d 523.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95-09-152.

Decided Feb. 26, 1996.

See also, 90 Ohio App.3d 33, 627 N.E.2d 1062.

*Scheper & McGowan* and *Jack C. McGowan,* for appellant.

*Rendigs, Fry, Kiely & Dennis* and *Arthur E. Phelps,* for appellee.

---

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Balboa Insurance Company ("Balboa"), appeals the Butler County Court of Common Pleas order that terminated its complaint against defendant-appellee, S.S.D. Distribution System, Inc. ("SSD"). The trial court concluded that Balboa was collaterally estopped from seeking indemnification against SSD based upon the findings of fact and conclusions of law set forth in a prior case, *Roseberry v. Balboa Ins. Co.* (1993), 90 Ohio App.3d 33, 627 N.E.2d 1062.

The operative facts of this case were set forth in *Roseberry v. Balboa.* Robert Roseberry owned a truck under lease to his employer, SSD. The lease agreement provided that SSD would provide liability, property damage and cargo insurance on the equipment "while the equipment is operated in the service of [SSD]." On April 19, 1984, Roseberry, accompanied by his friend, Samuel Grewe, picked up a loaded trailer for SSD in Springdale, Ohio, and drove it to Perrysburg, Ohio. After delivering the loaded trailer, Roseberry picked up an empty trailer in Perrysburg and returned it to Springdale. Roseberry and Grewe then drove the truck tractor to a nearby bar. After leaving the bar, Roseberry accepted Grewe's offer to drive the vehicle back to Middletown, Ohio. Grewe subsequently drove the tractor off the road and hit a utility pole.

At the time of the accident, Roseberry had a "bobtail" insurance policy from Balboa that provided coverage for all accidents involving his truck tractor except where:

"(a) the person or organization was engaged in the business of transporting property by automobile for another; (b) the vehicle or any other trailer attached thereto was used to carry property in any business or while en route or under dispatch for such purposes at the request of any person or organization in such business; or (c) the vehicle was being used in the business of any person or organization to whom the vehicle is being rented." *Roseberry v. Balboa* at 35, 627 N.E.2d at 1064.

Roseberry won a damage award against Grewe for $24,500. Balboa apparently defended Grewe under a reservation of rights. Roseberry subsequently filed a complaint against Balboa after the insurance company refused to pay his claim for the damage award against Grewe. The trial court subsequently granted summary judgment against Balboa. This court affirmed that decision in *Roseberry v. Balboa.*

On December 16, 1994, Balboa filed this complaint against SSD seeking indemnification for the judgment it paid to Roseberry. Balboa claimed that its liability was secondary to SSD's liability based upon SSD's lease agreement with Roseberry and by virtue of SSD's status as a "statutory employer." SSD filed its answer on April 27, 1995, and raised the affirmative defense of *res judicata.* That date, SSD also filed a motion to dismiss and/or for summary judgment. On August 15, 1995, the trial court granted SSD's motion, concluding that the findings of fact and conclusions of law set forth in *Roseberry v. Balboa* were dispositive.

On appeal, Balboa sets forth two assignments of error. Under both assignments, Balboa challenges the trial court's decision to apply the doctrine of collateral estoppel to its suit against SSD.

■ Under its first assignment of error, Balboa points out that the Ohio Supreme Court has ruled that *res judicata* may not be raised by motion under Civ.R. 12(B). *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702.[1] However, there is no question that SSD could properly assert *res judicata* or collateral estoppel in a motion for summary judgment. *Id.* at 109, 579 N.E.2d at 703–704. In its April 27 motion, SSD sought summary judgment under Civ.R. 56 as well as dismissal under Civ.R. 12(B). The trial court could

---

1. *Res judicata* is an affirmative defense under Civ.R. 8(C) and necessarily involves information not required to be alleged in a complaint. Since the trial court must consider information not alleged in the complaint to dismiss an action under a Civ.R. 12(B) motion, *res judicata* is ordinarily not a proper basis for such a motion.

have ruled against Balboa upon SSD's motion for summary judgment. Balboa's first assignment of error is overruled.

◼ Balboa argues under its second assignment of error that summary judgment was inappropriate in this case. Balboa complains that SSD was not a party in the previous action and that the issue determined in that case was not identical to the issue here. Balboa also argues that there was an insufficient evidentiary basis for the trial court to grant summary judgment.

◼ The doctrine of *res judicata* rests upon public policy favoring the establishment of certainty in legal relations and individual rights. 46 American Jurisprudence 2d (1994) 776, Judgments, Section 515. The doctrine is composed of two preclusionary concepts: claim preclusion, also referred to as estoppel by judgment, and collateral estoppel, also referred to as issue preclusion. See *Migra v. Warren City School Dist. Bd. of Edn.* (1984), 465 U.S. 75, 77, 104 S.Ct. 892, 894, 79 L.Ed.2d 56, 59, fn. 1; *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058. Claim preclusion bars the relitigation of the same cause of action between the same parties. *Karam v. Allstate Ins. Co.* (1985), 27 Ohio App.3d 137, 139–140, 27 OBR 169, 170–172, 500 N.E.2d 358, 360–362. Collateral estoppel or issue preclusion, on the other hand, forecloses relitigation, in a different cause of action, of an issue that has been actually and necessarily litigated and determined. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 112, 49 O.O.2d 435, 437–438, 254 N.E.2d 10, 13, overruled in part on other grounds, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 228–229.

◼ In Ohio, the general rule is that mutuality of parties is a requirement for collateral estoppel. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978, paragraph one of the syllabus. However, "[t]he main legal thread which runs throughout the determination of the applicability of *res judicata*, inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Id.* at 200–201, 2 OBR at 739, 443 N.E.2d at 985. The Supreme Court in *Goodson* recognized that under certain circumstances exceptions to the mutuality requirement may be appropriate. *Id.* at 202, 2 OBR at 740–741, 443 N.E.2d at 986–987. See, also, *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 6 O.O.3d 274, 369 N.E.2d 776.

◼◼ A court in its sound discretion may permit an exception to the mutuality requirement where justice reasonably requires it. *McCrory v. Children's Hosp.* (1986), 28 Ohio App.3d 49, 53, 28 OBR 61, 64–65, 501 N.E.2d 1238, 1243–1244 (court allowed defendant, not a party to earlier action, to assert collateral estoppel as to specific issues of proximate causation). To successfully assert collateral estoppel, a party must plead and prove the following elements:

"(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;

"(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

"(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and

"(4) The issue must have been identical to the issue involved in the prior suit." *Cashelmara Villas Ltd. Partnership v. DiBenedetto* (1993), 87 Ohio App.3d 809, 813–814, 623 N.E.2d 213, 215, quoting *Monahan v. Eagle Picher Industries, Inc.* (1984), 21 Ohio App.3d 179, 180–181, 21 OBR 191, 193, 486 N.E.2d 1165, 1168.

Balboa argues that its action against SSD raises a different issue from the issue considered in *Roseberry v. Balboa.* This court disagrees. Balboa's claim against SSD is obviously different from Roseberry's claim against Balboa; however, the critical issue in both cases is identical. Central to this court's holding in *Roseberry v. Balboa* was the determination that Roseberry "was not under SSD's control at the time of the accident because he was not en route, under dispatch, or in the service of SSD." 90 Ohio App.3d at 36, 627 N.E.2d at 1065. That determination is dispositive in this case as well.

Balboa's complaint against SSD is specifically premised upon Balboa's argument that SSD was a "statutory employer" and that under the terms of Roseberry's lease agreement with SSD, which Balboa introduced into evidence in this case, Roseberry leased his equipment to SSD for SSD's "exclusive possession, control, use and responsibility." This court specifically rejected Balboa's "statutory employer" argument in *Roseberry v. Balboa.* With regard to the lease agreement, if Roseberry was not operating his truck under dispatch or in the service of SSD, as this court found in the prior case, under the terms of that lease, SSD's exclusive control ceased. The lease agreement clearly provides:

"[A]ny use of the Equipment by OWNER or by any other person other than CARRIER prior to written termination of this lease is specifically designated a breach of this lease *which prevents and therefore terminates CARRIER'S exclusive possession, control and use of said Equipment and in such event CARRIER'S responsibility for or relationship to said equipment and the operator or the driver thereof shall thereupon cease* in the same manner as if this lease were terminated by written notice as above provided." (Emphasis added.)

The elements necessary for application of collateral estoppel are present here. Balboa was of course a party to the prior action. The trial court in the earlier case considered the critical question of whether Roseberry was operating his truck in the service of SSD at the time of the accident. That is also the critical issue in this case. Determination of that issue was essential to the judgment in

the prior case. Thus, Balboa had every incentive to fully litigate that issue in the previous action. Under these circumstances, the trial court properly held that Balboa could not relitigate that critical determination by filing a new complaint against SSD.

Balboa also complains that there was an insufficient evidentiary basis for the trial court's decision to grant SSD's motion for summary judgment. Balboa, however, bore the burden of production at trial. If genuine issues of material fact bearing upon Balboa's indemnity claim exist, Balboa has failed to raise them.

Balboa's two assignments of error are overruled. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH, P.J., and POWELL, J., concur.