TOLLIVER, Exr.,

v.

BRADEN; BRADY, Appellant;

Insurance Company of the State of Pennsylvania, Appellee.

[Cite as *Tolliver v. Braden* (1996), 112 Ohio App.3d 86.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950017.

Decided June 26, 1996.

*William J. Mulvey*, for appellant.

*Dinsmore & Shohl* and *Nancy J. Gill*, for appellee.

*Per Curiam.*

Defendant-appellant, Donald D. Brady, appeals a decision of the Hamilton County Court of Common Pleas granting summary judgment in favor of third-party defendant-appellee, the Insurance Company of the State of Pennsylvania ("I.S.O.P.").

Plaintiff Brenda A. Tolliver filed a wrongful death suit against Brady and defendant Robert Braden alleging that Tolliver's decedent, Jerome Anderson, Jr., was struck and killed by a tractor truck driven by Brady and owned by Braden. At the time of the accident, Brady was not hauling freight or pulling a trailer; he was driving the tractor home from a social visit with Braden, with Braden's permission.

Prior to the accident, Braden had leased the tractor to third-party defendant, J.W. Express, Inc., for use in its business as an interstate freight carrier. At the time of the accident, the tractor bore J.W. Express's placard. J.W. Express had a liability insurance policy with I.S.O.P. However, the lease agreement required Braden to obtain "bobtail" insurance to cover the tractor when it was not being operated in the trucking business.

Braden and Brady filed a third-party complaint for indemnification and contribution against J.W. Express. Brady later voluntarily dismissed his third-party complaint. The trial court granted J.W. Express's motion for summary judgment against Braden, and Braden's motion for summary judgment against Tolliver, leaving only Brady as a defendant.

Subsequently, Brady filed a third-party complaint against I.S.O.P. seeking a declaratory judgment that he was an insured under the policy I.S.O.P. had issued to J.W. Express. Brady filed a motion for summary judgment, which the trial court overruled. Instead, the court entered judgment in favor of I.S.O.P., declaring that it had no duty to defend or provide coverage to Brady. Brady filed a timely appeal from that judgment.

In his sole assignment of error, Brady states that the trial court erred in denying his motion for summary judgment. He argues that a driver of a vehicle leased to a common carrier which bears its placards is a primary insured under

the common carrier's liability policy. We find this assignment of error is not well taken.

Brady relies on *Wyckoff Trucking, Inc. v. Marsh Bros. Trucking Serv., Inc.* (1991), 58 Ohio St.3d 261, 569 N.E.2d 1049, in which the Ohio Supreme Court held that in tort actions involving leased vehicles of interstate motor carriers, primary liability shall be determined under Interstate Commerce Commission regulations rather than any common-law doctrines. *Id.* at paragraph one of the syllabus. It further held that when a vehicle is under lease to an interstate motor carrier and displays that carrier's placards, I.C.C. regulations create an irrebuttable presumption that the driver of the vehicle is a statutory employee of the carrier. *Id.* at paragraphs two and three of the syllabus.

Brady argues that pursuant to *Wyckoff*, he is the statutory employee of J.W. Express, which is vicariously liable for his actions. Therefore, I.S.O.P. is contractually obligated under the insurance policy issued to J.W. Express to provide coverage. We disagree.

In reaching its decision in *Wyckoff*, the Supreme Court reasoned:

"[S]trict construction of the I.C.C. regulations will compel the carrier-lessee trucking company that displays its I.C.C. placards on the leased truck to scrupulously enforce safety standards on its leased vehicles, which are, by statutory definition, within its exclusive control, especially in the light of the spectre of liability. Above all, the majority view removes factual confusion attendant to determining which party is responsible for damages, thus relieving the innocent victim from the sometimes interminable delays that accompany multiple-party litigation, by focusing liability as it does, and forcing the trucking companies to allocate the various indemnification agreements among themselves. Once liability is fixed on the statutory employer, it is the statutory employer who must seek contribution or indemnification from other potentially responsible parties, not the innocent victim." *Id.*, 58 Ohio St.3d at 266, 569 N.E.2d at 1053.

Several courts have cited this language in support of the proposition that the intent of the court's holding in *Wyckoff* is to protect the public at large and that it only applies between the "innocent victim" and the interstate carrier whose placard appears on the vehicle. *Wyckoff* does not prevent the carrier deemed to be the statutory employer from seeking indemnification or contribution, nor does it nullify contracts between parties who are not members of the protected class and who are in a position to determine the relationships among the parties. *Roseberry v. Balboa Ins. Co.* (1993), 90 Ohio App.3d 33, 36, 627 N.E.2d 1062, 1064; *Balez–Pierce v. Price & Boyce, Inc.* (1993), 86 Ohio App.3d 119, 122, 619 N.E.2d 1194, 1196; *Lime City Mut. Ins. Assn. v. Mullins* (1992), 83 Ohio App.3d 517, 522–523, 615 N.E.2d 305, 308–309; *J. Miller Express, Inc. v. Pentz* (1995), 107 Ohio App.3d 44, 667 N.E.2d 1018; *Gilstorff v. Top Line Express, Inc.*

(N.D.Ohio 1995), 910 F.Supp. 355, 361. Cf. *Canal Ins. Co. v. Brogan* (1994), 93 Ohio App.3d 765, 639 N.E.2d 1219; *Ohio Cas. Ins. Co. v. United S. Assur. Co.* (1993), 85 Ohio App.3d 529, 620 N.E.2d 163.

In the present case, the insurance policy I.S.O.P. issued to 'J.W. Express provides:

**"WHO IS INSURED**

"1. **You** [J.W. Express] are an **insured** for any covered **auto.**

"2. Anyone. else is an **insured** while using with your permission a covered **auto you** own, hire, or borrow * * *.

" * * *

"4. The owner or anyone else from whom you hire or borrow a covered **auto** which is not a **trailer** is an **insured** while the covered **auto:**

"a. Is being used exclusively in **your** business, and

"b. Is being used pursuant to operating rights granted to **you** by a public authority."

The evidence before the trial court was undisputed that Brady was not operating the tractor with the permission of J.W. Express or furthering its business at the time of the accident. Consequently, he is not an insured under the plain language of the policy. See *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 665, 597 N.E.2d 1096, 1102; *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 275–276, 436 N.E.2d 1347, 1348.

Brady further argues that he is covered under an endorsement to the policy which provides:

"In consideration of the premium stated in the policy to which this endorsement is attached, the Company agrees to pay, within the limits of liability prescribed herein, any final judgment recovered *against the insured* for bodily injury to or death of any person, or loss of or damage to property of others * * *, resulting from negligence in the operation, maintenance, or use of motor vehicles under certificate or permit issued to the insured by the Interstate Commerce Commission, * * * regardless of whether or not such motor vehicles are specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized by the Interstate Commerce Commission to be served by the insured or elsewhere." (Emphasis added.)

This endorsement clearly states that I.S.O.P. is required to pay only if a final judgment is entered against the insured. Since Brady does not meet the threshold definition of an insured, this endorsement does not apply to him.

Accordingly, we overrule Brady's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN, P.J., GORMAN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.