[Cite as *Davet v. Mikhli*, 2012-Ohio-1200.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97291**

## RICHARD F. DAVET

PLAINTIFF-APPELLANT

vs.

## PAUL J. MIKHLI, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-724188

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 22, 2012

**ATTORNEYS FOR APPELLANT**

Marc Dann
Grace Doberdruk
Dann, Doberdruk & Wellen, LLC
20521 Chagrin Boulevard, Suite D
Shaker Heights, Ohio 44122

**ATTORNEYS FOR APPELLEES**

Kerin L. Kaminski
Rachael L. Israel
Giffen & Kaminski, LLC
1300 East Ninth Street
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, Richard F. Davet ("Davet"), appeals from the order of the trial court that awarded summary judgment to defendants-appellees, Paul J. Mikhli and Michal Mikhli (the "Mikhlis"). Because the trial court correctly determined that Davet's claim is barred by res judicata, we affirm.

**{¶2}** On March 1, 1996, NationsBanc Mortgage Corp. ("NationsBanc") filed a foreclosure action against Davet and Lynn Davet, in Case No. CV-96-304224, after they defaulted upon the terms of their mortgage on property located at 24800 Community Drive, in Beachwood, Ohio.

**{¶3}** Davet challenged the foreclosure proceedings over many years and filed "numerous appeals of various decisions made in the state trial court. It appears that all of the appeals were dismissed. Davet also appealed some of the dismissals to the Ohio Supreme Court, which declined to hear the appeals." *See Davet v. Bank One Cleveland, N.A.,* N.D.Ohio No. 1:06 CV 1875, 2007 WL 987312 (Apr. 2, 2007).

**{¶4}** On July 13, 2005, the court granted a judgment of foreclosure against Davet and in favor of NationsBanc in CV-96-304224. Thereafter, on November 11, 2005, the property was sold at sheriff's sale. Davet filed several appeals, which were later dismissed as moot, and the court issued a decree confirming the sheriff's sale on March 8, 2006. The Mikhlis subsequently purchased the property and hold title to it pursuant to a limited warranty deed filed with the county on February 5, 2007.

**{¶5}** On July 2, 2009, Davet filed an eviction action against the Mikhlis in the Shaker Heights Municipal Court, alleging that the 2006 foreclosure decree was void ab initio because NationsBanc lacked standing at the time the matter was first filed in 1996. On March 2, 2010, the Shaker Heights Municipal Court determined that the matter had not been filed within the applicable limitations period and dismissed it.

**{¶6}** On April 15, 2010, Davet filed the instant matter against the Mikhlis, claiming that he had been wrongly evicted from 24800 Community Drive and again asserted that the 2006 foreclosure decree was void ab initio for lack of standing. Davet set forth claims against the Mikhlis for civil trespass and ejectment, and he prayed for an order of ejectment, damages, and attorney fees.

**{¶7}** The Mikhlis denied liability and asserted that they were bona fide purchasers of the property. On October 15, 2010, the Mikhlis filed a motion for summary judgment in which they argued that Davet's claims were barred by res judicata and that Davet lacked legal title to the premises. Davet also moved for summary judgment and asked the trial court to vacate the foreclosure order issued in CV-96-304224. On August 11, 2011, the trial court awarded summary judgment to the Mikhlis. Davet now appeals and assigns the following error for our review:

> The trial court erred by granting Appellee's motion for summary judgment on the ejectment and trespass claim because the judgment of foreclosure was void ab initio so title never transferred to Appellees.

**{¶8}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000). Under

Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, which is adverse to the nonmoving party. *Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶9} Defendants argued that this matter was barred by res judicata. The doctrine of res judicata involves both claim preclusion and issue preclusion. *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226.

{¶10} Under the claim preclusion aspect of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id*. at syllabus. Claim preclusion bars the relitigation of the same cause of action between the same parties. *Balboa Ins. Co. v. S.S.D. Distrib. Sys., Inc.*, 109 Ohio App.3d 523, 672 N.E.2d 718 (12th Dist.1996), citing *Grava*; *Johnson v. Cleveland City School Dist*., 8th Dist. No. 94214, 2011-Ohio-2778.

{¶11} Under issue preclusion or collateral estoppel, relitigation of an issue that has been actually and necessarily litigated and determined in a prior action is precluded. *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989); *Balboa Ins. Co.* To successfully assert collateral estoppel, a party must establish: (1) the party against whom estoppel is sought was a party or in privity with a party to the previous case; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate

the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the previous case. *Id.*

{¶12} In this matter, the record demonstrates that in 2009, Davet filed eviction proceedings against the Mikhlis in the Shaker Heights Municipal Court, asserting that the 2006 foreclosure action was void ab initio. Thereafter, the municipal court issued a valid, final judgment on the merits and dismissed Davet's claims. That judgment bars the instant action in which Davet again claims that the 2006 foreclosure action is void ab initio, as this matter arises out of the transaction that was the subject matter of the previous action. The claim preclusion aspect of res judicata therefore bars the instant action as a matter of law.

{¶13} In addition, because Davet's interest in the property was extinguished in the foreclosure action, CV-96-304224, following extensive proceedings in which he was given a full and fair opportunity to litigate the issue, Davet may not relitigate his claimed interest in the subject property. His claims against the Mikhlis are therefore barred by issue preclusion.

{¶14} Davet insists, however, that since NationsBanc did not have the note and mortgage in 1996, the date the complaint was filed, this defect is jurisdictional and can therefore be raised at any time. In *State ex rel. Davet v. Sutula*, 8th Dist. No. 96548, 2011-Ohio-2803, this court rejected Davet's claim that the trial court in CV-96-304224

"patently and unambiguously lacked jurisdiction because NationsBanc lacked standing to file Case No. CV-304224." This court stated:

> We note there is a split in authority as to whether the issue of standing, or the "real party in interest" defense, in a foreclosure action may be waived if not timely asserted. *See*, *e.g*., *JPMorgan Chase Bank Trustee v. Murphy,* Montgomery App. No. 23927, 2010-Ohio-5285, ¶ 19 (standing can be waived); *Mtge. Electronic Registration Sys., Inc. v. Mosley*, Cuyahoga App. No. 93170, 2010-Ohio-2886, ¶ 17 (standing is jurisdictional and cannot be waived); *Aurora Loan Servs., L.L.C. v. Car*, Ashtabula App. No. 2009-A-0026, 2010-Ohio-1157, ¶ 18 (standing waived); *First Horizon Home Loan Corp. v. Roberts*, Cuyahoga App. No. 92367, 2010-Ohio-60 (standing waived)." *CitiMortgage, Inc. v. Slack,* Cuyahoga App. No. 94899, 2011-Ohio-613, ¶ 10, fn. 3.

> \* \* \*

> Rather, Davet had an adequate remedy in the ordinary course of the law by way of appeal and relief through an original action is inappropriate. "A trial court's decision on the issue of standing is properly challenged in a postjudgment appeal rather than via extraordinary writ. *State ex rel. Smith v. Smith* [ (1996) ], 75 Ohio St.3d [418,] 420, 662 N.E.2d [366,] 369; State ex rel. LTV Steel [ (1992) ], 64 Ohio St.3d [245,] 251, 594 N.E.2d [616,] 621." *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701, 701 N.E.2d 1002, 1998-Ohio-275, N.E.2d 1002, 1008. Because Davet had an adequate remedy by way of appeal, we must deny his request for relief in prohibition.

{¶15} Davet did not properly appeal the standing issue to this court, and the court hearing the foreclosure matter issued a decree of confirmation of sale. Thereafter,

pursuant to R.C. 5721.19, upon the filing of the entry of confirmation of any sale "the title to such land or lots shall be incontestable in the purchaser."

**{¶16}** In accordance with the foregoing, the trial court properly determined that there are no genuine issues of material fact and that the Mikhlis are entitled to judgment as a matter of law.

**{¶17}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR