[Cite as *Mickey v. Rokakis*, 2012-Ohio-273.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97053**

## AUDREY (MICKEY) PRIVATE PARTY

PLAINTIFF-APPELLANT

vs.

## MR. JAMES ROKAKIS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-751976

**BEFORE:**   Cooney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   January 26, 2012

**FOR APPELLANT**

Audrey (Mickey), private party
P.O. Box 470142
Broadview Heights, Ohio 44147


**ATTORNEYS FOR APPELLEES**

William D. Mason
Cuyahoga County Prosecutor

By: Sara E. DeCaro
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Plaintiff-appellant, Audrey Mickey ("Mickey"), pro se, appeals the trial court's judgment granting the motion to dismiss filed by defendants-appellees James Rokakis, Cuyahoga County Board of Revision, and the Cuyahoga County Sheriff's Department. We find no merit to the appeal and affirm.

**{¶ 2}** Mickey's complaint alleges that James Rokakis ("Rokakis"), the County Board of Revision, and the Sheriff's Department (collectively referred to as "appellees") wrongfully seized her property in foreclosure. She also alleges claims of intentional infliction of emotional distress, negligent infliction of emotional distress, trespass, and conspiracy, all of which relate to the alleged wrongful taking of her property in foreclosure.

**{¶ 3}** Rokakis, as Cuyahoga County Treasurer, filed a complaint in foreclosure against Mickey personally, and as executrix of the Estate of Daniel Mickey, for collection of delinquent taxes, assessments, penalties, and interest. Mickey was properly served, and the case proceeded to a final foreclosure hearing in March 2011. The court granted a judgment in foreclosure in favor of Rokakis, on behalf of Cuyahoga County, and ordered a sheriff's sale of Mickey's property.

**{¶ 4}** After two sheriff's sales, there were no bids for the property. On July 18, 2011, the common pleas court ordered the property forfeited to the State for lack of a bid. Mickey never appealed the judgment of forfeiture or the judgment of foreclosure, but instead filed the complaint in the instant case. Appellees filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief might be granted. The trial court granted the motion, and this appeal followed.

{¶ 5} In her two assignments of error, Mickey argues the trial court erred in granting the motion to dismiss. She contends the court's bases for granting the motion were unfounded. We disagree.

{¶ 6} Although the court's judgment entry granting the motion to dismiss does not expressly state its reasons for dismissal, the State argued that the court did not have subject matter jurisdiction and that the complaint failed to state a claim upon which relief might be granted.

{¶ 7} In determining whether a court lacks subject matter jurisdiction pursuant to Civ.R. 12(B)(1), the trial court must consider whether the plaintiff has alleged any cause of action that the court has authority to decide. *McHenry v. Indus. Comm.*, 68 Ohio App.3d 56, 62, 587 N.E.2d 414 (4th Dist. 1990); *Avco Fin. Servs. Loan, Inc. v. Hale*, 36 Ohio App.3d 65, 520 N.E.2d 1378 (10th Dist. 1987). When making this determination, the trial court is not confined to the allegations of the complaint and "may consider material pertinent to such inquiry without converting the motion into a motion for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus. We review the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 8} Mickey claims the foreclosure of her property constituted an unconstitutional taking of her property because appellees did not have the right to take her

property from her. In short, Mickey is challenging the merits of her foreclosure case and thus attempting to collaterally attack the final judgment in foreclosure. However, "[i]n our jurisprudence, there is a firm and longstanding principle that final judgments are meant to be just that — final." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22, citing *Kingsborough v. Tousley*, 56 Ohio St. 450, 458, 47 N.E. 541 (1897). Collateral attacks are disfavored and succeed only in certain very limited situations. *Id.*, citing *Coe v. Erb*, 59 Ohio St. 259, 267-268, 52 N.E. 640 (1898). Therefore, subject to a few rare exceptions, a civil judgment may only be challenged by direct attack, i.e. an appeal. *Id.*

{¶ 9} The Ohio Supreme Court has held that the reasons for disfavoring collateral attacks do not apply in two principle circumstances: (1) when the issuing court lacked jurisdiction or (2) when the order was the product of fraud. *Ohio Pyro* at ¶ 23, citing *Coe* at 271, and *Lewis v. Reed*, 117 Ohio St. 152, 159, 157 N.E. 897 (1927). Thus, a collateral attack on a judgment is really an attack on the integrity of the judgment rather than its merits. *Id*. "Consequently, the collateral-attack doctrine contains elements of the same considerations that come into play when considering whether a particular judgment is void or voidable." *Id*. citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. When a judgment was issued without jurisdiction or was procured by fraud, it is void and is subject to collateral attack. *Id*. citing *Coe* at 271. However, "in the absence of those fundamental deficiencies, a judgment is considered

'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack." *Id.*

{¶ 10} Mickey never alleged that the court that decided her foreclosure case lacked jurisdiction or that the judgment in foreclosure was procured by fraud. The only method Mickey had to challenge the merits of the judgment was by direct appeal. The trial court had no jurisdiction to grant the relief she was seeking by collateral attack and properly dismissed her complaint.

{¶ 11} Accordingly, we overrule both assignments of error.

Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR