### SQUIRE v KOFRON et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Dec 20, 1937

Herbert S. Duffy, Attorney General, Columbus, and S. B. Budd, Assistant Atty. Gen., Columbus, for plaintiff-appellant.

J. B. Oviatt, Cleveland, for defendant-appellee, Kofron.

Squire, Sanders & Dempsey, Cleveland, for defendant-appellee, The Reconstruction Finance Corporation.

## OPINION

By TERRELL, J.

The trial court sustained a demurrer to the petition, and it is this ruling which is here for review.

The petition alleges that an action filed in the Common Pleas Court for foreclosure of a certain mortgage went to foreclosure decree upon which a sale was had and after the proceeds of the sale were applied to the mortgage indebtedness there still remained a deficiency of $8,049. It is also alleged that the owner and mortgagor of this property conveyed it, subject to the mortgage, to this defendant, John F. Kofron, and that said Kofron assumed and agreed to pay the mortgage indebtedness.

It is also alleged that in the foreclosure action with others, said Kofron was made a party defendant, and filed his answer therein, but that before trial, the action as to him was dismissed without prejudice.

The trial court sustained a demurrer on the authority of **Union Savings & Loan Company v Kupetz, 37 Oh Ap 371, (8 Abs 505).** The law announced in the Kupetz case, supra, is brought into question. Accordingly we will inquire into the Kupetz case to determine whether we approve or disapprove of it.

The syllabus in the Kupetz case accurately represents the conclusion of the court therein. It is as follows:

"Agreement to assume mortgage did not render purchasers of land liable for deficiency, when purchasers were not made parties to foreclosure proceedings."

In this case, Kupetz had purchased real estate upon which there was a mortgage and had assumed and agreed to pay said mortgage indebtedness. Thereafter he sold and conveyed this property to another person. Neither the original mortgagor nor Kupetz were made parties to the foreclosure action, but the then holders of the land title were made such parties. Upon the sale of the property resulting from the foreclosure and the application of the proceeds thereof to the indebtedness there still remained a deficiency of $2,245 and the question presented was whether upon this state of the record on the ground of assumption of the mortgage indebtedness there was a cause of action for this deficiency against Kupetz. The Court of Appeals held there was no such cause of action.

To sustain this conclusion, the court cited Pomeroy's Code Remedies, 5th Ed. par. 231, page 369, which is as follows:

"**Object of the judgment in foreclosure. Necessary and proper parties herein. These principles may now be applied to the class of actions under immediate discussion,— those brought to foreclose mortgage.** Those persons who own or have an estate in the land to be sold under the decree, and those who, in the original creation of the debt, or by any subsequent assumption of it, are debtors to the mortgagee, and therefore liable to a personal judgment for a deficiency, have an interest in the controversy adverse to the plaintiff and are beyond doubt necessary parties, if the plaintiff desires to obtain all the relief which the law affords him, namely, of sale and personal judgment for deficiency. If, however, the plaintiff will be satisfied with a partial relief, and simply asks a decree for a sale without any personal judgment for a deficiency, the debtor, unless he is also owner of the land in whole or in part, is not a necessary defendant. The decree and sale must, of course, divest all ownership and titles to the land or any part thereof, or else there would be no sale but simply the show of one. But in order that the land may produce its full value the decree and sale must go further than this, and must cut off all subsequent liens and incumbrances and inchoate interests which are not titles but merely the seeds of titles. There is thus a threefold object of the judgment.

(1) To divest the title of the present owner, and transfer the ownership to the purchaser. This is essential, and all persons who have any such title are necessary parties, for without them the whole action would be a nullity.

(2) To cut off all liens and inchoate interests, so that the land can be sold at a

greater advantage. This of course is not absolutely essential, for a sale can be effected without it. The holders of such liens, and inchoate interests are proper parties.

(3) To obtain a decree for any deficiency which may arise after the sale, against those persons who are liable for the mortgage debt. All such debtors are necessary parties if the plaintiff seeks to obtain this particular relief; but he may waive this relief and content himself with the sale and the proceeds thereof, in which case these mere debtors would not be necessary defendants. The foregoing principles have been adopted by all the courts. The doctrine is universally established that in the equitable action to foreclose a mortgage by a sale of the mortgaged premises, all persons who own the land or any part thereof, all who have any interest therein vested or contingent, perfected or inchoate, subsequent to the giving of the mortgage, all who are owners of or holders of any subsequent liens or incumbrances thereof, and finally all who are personally liable for the debt secured by the mortgage may generally be united as defendants; and must be made defendants if the plaintiff seeks to obtain a decree affording him all the relief which the court can grant. As titles, interests and liens prior and paramount to the mortgage are in no way affected by it or by the decree of foreclosure and the sale thereunder, the owners and holders thereof are neither necessary nor proper parties."

We have examined Pomeroy's Code Remedies in the paragraph above cited, and find that the author to sustain his pronouncement therein cites two adjudicated cases, to-wit: Brown v Hotel Association, 63 Neb. 181; Denney v Cole, 22 Washington 372.

These two cases are somewhat similar in their facts which are substantially as follows:

A debtor pledged with his creditor certain shares of capital stock of a corporation. In one case the debtor thereafter sold all his right, title and interest in said stock, subject to the pledge, to a third party. The creditor brought foreclosure proceedings to sell the stock but did not name as defendant this third party to whom the debtor had sold the stock. Apparently this third party was the only one who had the right of redemption and the foreclosure did not affect his rights.

In the other case, the debtor was a partnership, and had pledged shares of capital stock with the creditor. The partnership went into the hands of a receiver. The creditor instituted foreclosure proceedings to sell the capital stock pledged and named both the original debtor and the receiver as parties defendant, but on application to the court, the receiver was dismissed out of the case. The reviewing court held that since the receiver succeeded to the rights of the partnership, the right of redemption rested with the receiver and therefore he was a necessary party. These two cases are thus authority to the effect that all parties who have the right of redemption or any title to the property pledged are necessary parties in a foreclosure action, in order to divest them of their property rights in such pledge. By analogy, it would appear that all parties who have any title, right or interest in real estate, are necessary parties in a foreclosure action, if their rights are to be divested by a sale under said foreclosure action.

In the case at bar, the defendant, Kofron, parted with all of his right, title and interest in said mortgaged real estate by deed. Consequently he parted with his right of redemption. He had no interest thereafter in said real estate.

The cause of action against one of several in a chain of title to mortgaged real estate, who assumes and agrees to pay said mortgage indebtedness, is a several action. It is not necessary to join all others who have also agreed to assume and pay said mortgage indebtedness. The mortgagee may join all of these parties in one action. He may select any one of them or as many as he desires against whom to bring his action. It does not appear to the writer that one who thus assumes and agrees to pay a mortgage indebtedness is a necessary party to a foreclosure action, if he has no right, title or interest in said real estate. It is certain that the purchaser at such foreclosure sale would get a good title, freed of any claim which such assumer may assert. In any event, we do not see how one who thus assumes and agrees to pay a mortgage indebtedness, can be absolved from performance of his contract of assumption, merely because of the fact that he was not named as a defendant in the foreclosure action.

Nor does it seem to us that the author of Pomeroy's Code Remedies intended to imply merely because the purchaser was not made a party to the foreclosure proceeding, that an agreement to assume a mortgage indebtedness does not render the

purchaser of said mortgaged premises liable for deficiency.

Of course said purchaser could not be held liable for a deficiency judgment in that case. The author does not say that if the creditor desires a deficiency judgment against such a person who assumes the mortgage indebtedness he is a necessary party. It does not follow that if such a mortgage assumer is not made a party to the foreclosure action that the creditor absolutely waives right to bring a subsequent action on the contract of assumption for any deficiency.

If Pomeroy intended to imply that the creditor absolutely waived right to bring separate action against assumer, we would be constrained to disapprove of such doctrine.

We therefore disapprove of the doctrine announced in the case of **Union Savings & Loan Co. v Kupetz, 37 Oh Ap 371.**

The courts of Ohio have, for many years, recognized the right to sue any one who has agreed to assume and pay a mortgage indebtedness, irrespective of the mortgage foreclosure.

**Brewer v Mauer, 38 Oh St 543,** wherein the syllabus reads as follows:

"The defendants, as grantees of F, having agreed with him to pay this debt as part payment of the purchase money, were liable to the mortgagee on such promise in an action to recover the deficiency."

The facts in this case are quite similar to the facts in the case at bar.

We also refer to the case of **Walzer v Farmers Trust Co., 126 Oh St 376,** par. 3 of the syllabus, as follows:

"When a grantee expressly assumes and agrees to pay mortgage and interest as a part of the consideration for the land, he becomes personally liable therefor, and makes no difference to him whether a personal judgment is awarded against him for a deficiency before or after the sale of the mortgaged premises on foreclosure."

Also see the case of **Avory v Van Sickle, 35 Oh St 270,** par. 2 of the syllabus, as follows:

"A judgment in an action to foreclose a mortgage executed by husband and wife, to secure the payment of the wife's promissory note, constitutes no bar to a subsequent action to subject the separate estate of the wife to the payment of a deficiency arising upon the sale of the property mortgaged."

From these cases it seems clear to us that a separate action against the assuming grantee, may be maintained for the deficiency and that it is not necessary that he be made a party to the foreclosure action, unless he has some actual right, title or lien in said real estate.

Accordingly, the judgment of the trial court, wherein the demurrer to the petition was sustained, will be reversed.

LEVINE, PJ, and LIEGHLEY, J, concur in judgment.

LEVINE, PJ, concurring in judgment.

I agree with the judgment and conclusion reached by the majority of this court, but I dissent from the statement contained in the opinion, disapproving of the case of **Union Savings & Loan Co. v Kupetz, 37 Oh Ap 371.**

In the case at bar, the pleadings show upon their face that defendant, Kciron, not only had notice of the pendency of the suit, but was originally made a party to it and the claim of lack of knowledge and absence of notice does not obtain in favor of him.

In the Kupetz case, supra, there was no such notice and the failure to give notice resulted in a substantial injury to him.