[Cite as *Davet v. Fed. Natl. Mtge. Assn.*, 2012-Ohio-3575.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97890**

---

# RICHARD F. DAVET

PLAINTIFF-APPELLANT

vs.

# FEDERAL NATIONAL MORTGAGE ASSOCIATION

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-746430

**BEFORE:** S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**ATTORNEYS FOR APPELLANT**

Marc Dann
Grace Doberdruk
Dann, Doberdruk & Wellen, LLC
4600 Prospect Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE**

James S. Wertheim
Melany K. Fontanazza
McGlinchey Stafford PLLC
25550 Chagrin Blvd.
Suite 406
Beachwood, OH   44122

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant Richard F. Davet appeals from the trial court's decision granting summary judgment in favor of Federal National Mortgage Association ("Fannie Mae") on all claims.   For the following reasons, we affirm.

{¶2} Davet's claims date to March 1, 1996, when NationsBanc Mortgage Corp. ("NationsBanc") filed a foreclosure action against Davet in Cuyahoga C.P. No. CV-304224 ("foreclosure action") regarding Davet's property located at 24800 Community Drive, Beachwood, Ohio.   *Davet v. Mikhli*, 8th Dist. No. 97291, 2012-Ohio-1200.   Over the following 16 years, Davet continuously and vehemently challenged the trial court's jurisdiction over the foreclosure action.   *See id.* at ¶ 3.   In the foreclosure action, Davet maintained that NationsBanc lacked standing because Fannie Mae did not formally assign the mortgage to NationsBanc until 1999.   The foreclosure trial court, in that case, denied Davet's motion for summary judgment in which he argued the standing issue as an affirmative defense.   Thereafter, the trial court granted a judgment of foreclosure against Davet on July 13, 2005, and the property was sold.

{¶3} As this court previously recognized, Davet filed an eviction action against the purchasers of the foreclosed property in 2009 and a second tort action against the same purchasers, after the eviction case was dismissed, in Cuyahoga C.P. No. CV-724188.   *Id.* at ¶ 5-6.   In both cases, Davet claimed the foreclosure judgment was void ab initio

because NationsBanc lacked standing, and therefore, the foreclosure was improper and the purchasers were trespassing on his property. *Id.* This court held that under the claim preclusion aspect of the doctrine of res judicata, Davet's claims as to the trial court's jurisdiction over the foreclosure case were prohibited when advanced in the separate proceeding. *Id.* at ¶ 13. This court found that Davet previously pursued his claim that the trial court lacked jurisdiction over the foreclosure action based on the standing issue and his remedy rested with a direct appeal from the trial court's foreclosure judgment. *Id.* at ¶ 14-15.

{¶4} Despite this court's *Mikhli* decision, Davet filed the current action against Fannie Mae, alleging that Fannie Mae breached the contract on the mortgage note by not crediting all Davet's mortgage payments, committed a fraud upon the court by allowing its agent, NationsBanc, to file the 1996 foreclosure action without standing, failed to file a satisfaction of judgment required pursuant to R.C. 5301.36, participated in a civil conspiracy, and denied Davet basic constitutional rights in violation of his due process rights. Fannie Mae filed a motion to dismiss the case. The trial court struck Davet's fraud upon the court, civil conspiracy, and due process claims as being insufficient pursuant to Civ.R. 12(F). Davet does not raise any error with this aspect of the trial court's decision.

{¶5} The trial court then converted the remainder of the motion to dismiss into one for summary judgment pursuant to Civ.R. 12(B) because Fannie Mae presented matters outside the pleadings. Davet filed a brief in opposition, claiming there were issues of

material fact. The trial court granted summary judgment in favor of Fannie Mae on the breach of contract and failure to file a satisfaction of judgment claims, holding that Davet cannot collaterally attack the final judgment of foreclosure of another court vested with jurisdiction to enter such order and that res judicata prohibited the claims raised in Davet's current complaint.

{¶6} Davet timely appealed this decision, raising one assignment of error, which provides: "The trial court erred by granting summary judgment to [Fannie Mae] based on res judicata because the court that granted the judgment of foreclosure against Davet did not have jurisdiction and [Fannie Mae] was never a party to that case." Essentially, Davet claims that he is not precluded from advancing the breach of contract claim against Fannie Mae because the foreclosure court, which already disposed of those issues when it granted a foreclosure judgment against him, lacked subject matter jurisdiction over the claims because of NationsBanc's lack of standing. According to Davet, he may therefore collaterally attack the trial court's foreclosure judgment. Davet's argument is limited to the jurisdictional argument and is without merit.[1]

{¶7} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833

---

[1]We note that Davet failed to advance argument in support of the proposition that the trial court erred by granting summary judgment upon his claim against Fannie Mae for failing to file a satisfaction of judgment as statutorily mandated pursuant to R.C. 5301.36(B). Nevertheless, Fannie Mae assigned its interest in the mortgage to NationsBanc in 1999. The statute of limitations on claims raised pursuant to R.C. 5301.36(B) is six years. *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 299, 2005-Ohio-1736, 825 N.E.2d 599. Davet filed the current action on January 21, 2011, well after the expiration of the statute of limitations on that claim.

N.E.2d 712, ¶ 8. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.). Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that

> (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.

*State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶8} Generally in Ohio, collaterally attacking final judgments by way of a separate action is disfavored. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22. "[T]here is a firm and longstanding principle that final judgments are meant to be just that — final." *Id.,* citing *Kingsborough v. Tousley*, 56 Ohio St. 450, 458, 47 N.E. 541 (1897). There are two notable exceptions: "when the issuing court lacked jurisdiction or when the order was the product of fraud (or of conduct in the nature of fraud)." *Id.* at ¶ 23. Therefore, as this court previously recognized, "a collateral attack on a judgment is really an attack on the integrity of the judgment rather than its merits." *Mickey v. Rokakis*, 8th Dist. No. 97053, 2012-Ohio-273, ¶ 9, citing *Ohio Pyro*.

{¶9} Davet argues that the trial court lacked jurisdiction over the foreclosure case because NationsBanc lacked standing to pursue the claims. Ostensibly, Davet attempted to invoke the jurisdictional exception to the prohibition against collaterally attacking the judgment of a trial court in a separate proceeding. To the contrary, however, Davet already unsuccessfully raised the issue of standing as an affirmative defense in the foreclosure case, thereby submitting to the foreclosure court the issue of whether it had jurisdiction. *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 646 N.E.2d 1110 (1995) (generally, a court with general subject matter jurisdiction over the claims asserted can determine its own jurisdiction, and the party challenging a court's decision on the jurisdictional issue has an adequate remedy at law through a direct appeal).

{¶10} The trial court granted a judgment of foreclosure and overruled Davet's affirmative defense challenging NationsBanc's standing. In short, in this case, Davet impermissibly attempted to collaterally attack the merits of the trial court's decision in the foreclosure action, the decision finding that NationsBanc had standing, rather than the jurisdictional integrity of the judgment. It is axiomatic that Davet cannot file a separate action challenging a trial court's decision on the merits in any court other than the appellate court with jurisdiction to review that trial court's decisions.

{¶11} More important to the disposition of Davet's current claims, on two previous occasions this court held that Davet's remedy to challenge the standing issue was in the direct appeal of the foreclosure court's decision and that NationsBanc's lack of standing was not a jurisdictional defect for which a collateral attack could be taken.

*State ex rel. Davet v. Sutula*, 8th Dist. No. 96548, 2011-Ohio-2803, ¶ 8 (holding that Davet had an adequate remedy in directly appealing the final decision of foreclosure, in which the trial court overruled his argument that the plaintiff lacked standing); *Mikhli*, 8th Dist. No. 97291, 2012-Ohio-1200, ¶ 14-15 (holding that the lack of standing did not deprive the trial court in the foreclosure action of jurisdiction and Davet's remedy rested with a direct appeal of the foreclosure court's decision).[2] Davet never appealed the trial court's decision in the foreclosure action, and we are constrained by our precedent in *State ex rel. Davet* and *Mikhli*. Davet's sole assignment of error is overruled.

**{¶12}** There was no genuine issue of material fact. Davet's current claims in the underlying case are prohibited because the claims impermissibly attempted to collaterally attack the merits of a trial court's judgment in a separately filed action. The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[2] We note that the "[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 1998-Ohio-275, 701 N.E.2d 1002. Standing is generally an affirmative defense that can be waived. *Id.* The Ohio Supreme Court has "held standing to be jurisdictional only in limited cases involving administrative appeals, where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction." *Id.*, citing *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision*, 78 Ohio St.3d 459, 678 N.E.2d 917 (1997); *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218, 513 N.E.2d 302 (1987).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR