[Cite as *Davet v. Sensenbrenner*, 2012-Ohio-5898.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98636

---

# RICHARD DAVET

## PLAINTIFF-APPELLANT

vs.

# RICHARD SENSENBRENNER, AS TREASURER, ET AL.[1]

## DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-722295

**BEFORE:**   Blackmon, A.J., Celebrezze, J., and S. Gallagher, J.
**RELEASED AND JOURNALIZED:**      December 13, 2012

---

[1]The original caption of this case was James Rokakis, Treasurer, et al.   In accordance with App.R. 29(C), the court substitutes Richard Sensenbrenner, the present Cuyahoga County Treasurer.

**FOR APPELLANT**

Richard F. Davet, Pro Se
P.O. Box 10092
Cleveland, OH 44110

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Judith Miles
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

Edward S. Wade, Jr.
75 Public Square
Suite 1111
Cleveland, OH 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶1}** Appellant Richard F. Davet ("Davet") appeals pro se the trial court's awarding summary judgment in favor of appellee James P. Boston, III ("Boston")[2] and assigns the following error for our review:

**I. The trial court erred in granting summary judgment in favor of appellee Boston, and in denying summary judgment against appellant and adopting the magistrate's decision and overruling the appellant's objections to the magistrate's decision, findings of fact and conclusions of law dated related to plaintiff's request for findings of fact and conclusions of law.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

## Facts

**{¶3}** On September 25, 2006, former Cuyahoga County Treasurer James Rokakis filed an action in the Cuyahoga County Court of Common Pleas to foreclose on Davet's property located at 814-818 East 152 Street, Cleveland, Ohio, for the nonpayment of taxes. (Cuyahoga C.P. No. CV-602283).   A hearing was conducted before a tax magistrate on October 20, 2008; the magistrate issued an order for foreclosure, which the trial court approved on December 3, 2008.

---

[2]Although Davet had also filed suit against formerTreasurer James Rokakis, he voluntarily dismissed him from the suit without prejudice.

**{¶4}** An order of sale was issued instructing the Cuyahoga County Sheriff to place the property for auction on February 9, 2009. If not sold, it would be placed for sale a second time on February 23, 2009. The property was not sold on either date, therefore, the property was forfeited to the state of Ohio pursuant to R.C. 5723.01. As a result, the Cuyahoga County Auditor, now known as the Cuyahoga County Fiscal Officer ("Auditor"), became the custodian of the property on behalf of the state of Ohio; pursuant to the statute, the auditor has the authority to sell the property. R.C. 5723.01(A)(1) and (2).

**{¶5}** On February 6, 2009, Davet filed a complaint in the United States Federal District Court challenging the state court's jurisdiction over the foreclosure and requested the federal court to stop the sale. The federal court dismissed Davet's complaint on March 23, 2009, after concluding it would not interfere with the pending state proceeding because Davet could seek an adequate remedy in state court.

**{¶6}** On August 11, 2009, Davet filed a motion to vacate the foreclosure action arguing among other things that the treasurer lacked standing to bring the foreclosure complaint in the common pleas court. The matter was set for hearing, but because Davet filed a notice of appeal prior to the ruling, the court cancelled the hearing.

**{¶7}** The record shows that Davet filed his notice of appeal on August 31, 2009. *Rokakis v. Davet*, 8th Dist. No. 93850. The appellate docket shows it was an appeal from the trial court's judgment entry entered on August 12, 2009. A review of the trial

court's docket indicates the only entry on this date was an order denying Davet's motion to stay the sale of the property. On August 13, 2009, Davet's property was sold at auction to Boston for $2,500. Because the property was sold, this court dismissed Davet's appeal from the trial court's denial of his stay on September 24, 2009, because it was moot.

{¶8} After the appeal was dismissed, the trial court again scheduled a hearing on Davet's motion to vacate for January 25, 2010. Prior to the hearing, Davet also filed a motion to dismiss the foreclosure based on his argument the treasurer lacked standing. On March 4, 2010, the magistrate issued its findings of fact and conclusions of law denying Davet's motions. Davet filed objections to the magistrate's report. On April 27, 2010, the court overruled Davet's objections and adopted the magistrate's recommendations. Davet has not filed an appeal from this judgment.

{¶9} On March 25, 2010, before the trial court denied Davet's motion to vacate, Davet filed the complaint that is the subject of the instant appeal. Davet named as defendants Treasurer Rokakis, County Auditor Frank Russo, and Boston. He requested quiet title to the property based on the same arguments that he had set forth in his motions to vacate and to dismiss in the prior case. That is, the foreclosure order was void ab initio because Treasurer Rokakis did not have standing to file the foreclosure complaint. Davet further alleged that Boston's entry onto the property amounted to trespass because Davet was the rightful owner of the property.

**{¶10}** Treasurer Rokakis filed a motion to dismiss Davet's complaint based on the doctrines of res judicata and estoppel. The trial court denied the motion because res judicata was not a defense that could be raised in a motion to dismiss. Thereafter, Davet dismissed his claims against Rokakis and Russo without prejudice.

**{¶11}** Boston filed a motion for summary judgment, arguing res judicata barred Davet's claims, which Davet opposed. The magistrate issued an opinion in which it recommended summary judgment in favor of Boston. The magistrate, relying on our decision in *Davet v. Mikhli*, 8th Dist. No. 97291, 2012-Ohio-1200, which concerned the same standing issue Davet had raised concerning another property, concluded that Davet should have appealed the trial court's decision in the prior foreclosure case instead of filing a complaint in the court of common pleas, and that res judicata barred his claims. The trial court thereafter adopted the magistrate's opinion.

## Motion for Summary Judgment

**{¶12}** In his sole assigned error, Davet argues that the trial court erred by granting summary judgment in favor of Boston.

**{¶13}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion that is adverse to the non-moving party.

{¶14} Davet argues that Boston's deed is a nullity because at the time that Treasurer Rokakis filed the foreclosure complaint, Rokakis had sold the tax liens on the property to a third party, GLS. Davet is correct that the party filing a foreclosure action must own the mortgage. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, Slip Opinon. Nos. 2011-1201 and 2011-1362, 2012-Ohio-5017;*Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092; *Deutsche Bank Natl. Trust Co. v. Triplett*, 8th Dist. No. 94924, 2011-Ohio-478, ¶12. However, because Davet had already argued this issue in conjunction with the foreclosure case, res judicata bars his claims.

{¶15} In the foreclosure case, Davet, like here, argued that the foreclosure was improper based on Treasurer Rokakis's lack of standing. Once the court denied his motions to vacate and to dismiss based on these arguments, Davet should have filed a direct appeal from the trial court's judgment. Instead, Davet filed a separate case in which he alleged the same arguments that the trial court had found had no merit.

{¶16} This is not the first time that Davet has elected this faulty legal procedure in obtaining relief. In prior cases, Davet filed separate proceedings from the foreclosure proceedings, in which he argued that the foreclosure judgments were void ab initio due to

the plaintiff's lack of standing and alleged that the purchasers of the property were trespassing on his property. In both cases, we held that under the claim preclusion aspect of the doctrine of res judicata, Davet's claims as to the trial court's jurisdiction over the foreclosure cases were prohibited when advanced in a separate proceeding. *Davet v. Mikhli*, 8th Dist. No. 97291, 2012-Ohio-1200; *Davet v. Fed. Natl. Mtge. Assn.*, 8th Dist. No. 97890, 2012-Ohio-3575. We explained that because Davet previously pursued his claims that the trial court lacked jurisdiction over the foreclosure action based on standing, his remedy rested with a direct appeal from the trial court's foreclosure judgment. *Id.*

{¶17} Likewise, in the instant case, Davet failed to file an appeal from the foreclosure judgment entered on December 3, 2008. He also failed to file an appeal from the trial court's denial of his motion to vacate entered on April 27, 2010. Instead, Davet filed a separate action in the trial court asserting the same arguments he had asserted as a defense in the foreclosure case. Although Davet is correct that jurisdictional issues can be raised at any time, they cannot be raised ad nauseum in separate proceedings.

{¶18} Moreover, Davet is asserting that Treasurer Rokakis had no standing to bring the foreclosure complaint as a basis for arguing the prior foreclosure was void ab initio. However, he voluntarily dismissed Treasurer Rokakis from the case. During oral argument, Davet contended that he "rejoined" the treasurer as a party; a review of the docket shows that he filed an amended complaint adding the treasurer as a party at the same time that he filed the instant appeal. The amendment did not comply with the time

requirements set forth in Civ.R. 15(A), which provides that, once a responsive pleading is made, a party may amend his pleading only by leave of court or by written consent of the adverse party. Although leave of court may be given when justice so requires, in this case, the trial court had granted summary judgment in favor of Boston. *See Olson v. James,* 8th Dist. No. 77398, 2000 Ohio App. LEXIS 5589 (Nov. 30, 2008); *Karnofel v. Kmart Corp.*, 11th Dist. Nos. 2007-T-0036 and 2007-T-0064, 2007-Ohio-6939. "A party cannot add new parties to an action after a final judgment has been rendered to litigate a separate cause of action. A judgment is final when entered and once final, complete." *Applied Constr. Technologies, Inc. v. Beaux Chateaux Dev. Co.*, 8th Dist. No. 73876, 1998 Ohio App. LEXIS 4230 (Sept. 10, 1998), Thus, Davet's filing of the amended complaint has no impact on our review.

{¶19} Treasurer Rokakis is a necessary party to the original complaint regarding the standing issue. By dismissing the treasurer from the complaint, Davet has deprived him from being able to defend his standing. All parties who have any title, right, or interest in real estate, are necessary parties in a foreclosure action. *State ex rel. Squire v. Kofron*, 58 Ohio App. 65, 15 N.E.2d 783 (8th Dist.1937); *see also Hembree v. Mid-America Fed. S. & L. Assn.*, 64 Ohio App.3d 144, 152, 580 N.E.2d 1103 (2d Dist.1989).

{¶20} Additionally, the trial court was not presented with any evidence indicating when the tax liens were sold or whether any tax liens remained on the property at the time the foreclosure suit was filed, beyond Davet's self-serving statement that the tax liens

were all sold prior to the complaint being filed. "[A] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56 are simply insufficient [to overcome a properly supported motion for summary judgment]." (Citations omitted.) *Hooks v. Ciccolini*, 9th Dist. No. 20745, 2002-Ohio-2322, ¶12. *See also Lucas v. Perciak*, 8th Dist. No. 96962, 2012-Ohio-88, ¶ 16. We conclude the trial court did not err by granting summary judgment in favor of Boston. Accordingly, Davet's assigned error is overruled.

**{¶21}** Judgment affirmed.

Appellant to pay costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR