[Cite as *RBS Citizens, N.A. v. Krasnov*, 2014-Ohio-4217.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100992**

## RBS CITIZENS, N.A.

PLAINTIFF-APPELLEE

vs.

## YURIY Y. KRASNOV, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-742261

**BEFORE:** Celebrezze, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**FOR APPELLANT**

Yuriy Y. Krasnov, pro se
363 Balmoral Drive
Richmond Heights, Ohio   44143


**ATTORNEYS FOR APPELLEE**

James L. Sassano
Eric T. Deighton
Carlisle McNellie Rini Kramer & Ulric Co., L.P.A.
24755 Chagrin Boulevard
Suite 200
Cleveland, Ohio   44122

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendants-appellants, Yuriy Y. Krasnov, Yuriy K. Krasnov, and Tatiana Khodakova (collectively "appellants"), appeal the trial court's decision granting summary judgment in favor of plaintiff-appellee, RBS Citizens, N.A. ("RBS"), on its foreclosure complaint. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Statement of the Facts

{¶2} On September 1, 2009, Yuriy Y. Krasnov signed a fixed-rate note in favor of defendant RBS in the amount of $88,000 ("Note"). That same day, as security for the Note, Yuriy Y. Krasnov and Tatiana Khodakova signed a mortgage ("Mortgage"), naming RBS as lender, for the residential property located at 363 Balmoral Drive, Richmond Heights, Ohio. The mortgage agreement indicates that Tatiana signed the Mortgage "solely * * * to release dower interest."

{¶3} The following month, Yuriy Y. Krasnov received a "Notification of Assignment, Sale or Transfer of Your Mortgage Loan." This notification informed Krasnov that, effective October 14, 2009, the ownership of his mortgage loan had been transferred by RBS to Fannie Mae as trustee for a trust holding his mortgage loan. The notification further stated that "[t]he assignment, sale or transfer of the mortgage loan does not affect any term or condition of the Mortgage, Deed of Trust or Note." It emphasized that RBS remained the servicer of the mortgage loan and instructed him to continue sending all monthly payments directly to RBS.

## II. Statement of the Case

{¶4} On November 29, 2010, RBS filed a complaint in the Cuyahoga County Court of Common Pleas against Yuriy Y. Krasnov and Tatiana Khodakova, alleging default under the terms of the Note and Mortgage and instituting foreclosure proceedings. The matter was thereafter referred to a magistrate.

{¶5} On February 7, 2011, Yuriy Y. Krasnov filed a counterclaim raising allegations of fraud and bad faith against RBS. As RBS notes, Krasnov did not file his counterclaim with his answer; he filed it some six weeks after the complaint had been filed, and without first obtaining leave of court. On April 18, 2011, RBS filed a motion to strike the counterclaim, but the court denied the motion on September 28, 2011.

{¶6} Additionally, appellants filed a number of pro se motions. Of particular relevance to the instant case, plaintiff Yuriy K. Krasnov filed a "Motion in Request for Interpleading" on December 27, 2010, asking the trial court to allow him to be included as a party defendant in the foreclosure proceedings. This motion was granted nearly one year later, on September 20, 2011. Appellants also filed a "Motion for Dismissal of Foreclosure Complaint," which was denied on November 18, 2011. In addition, appellants filed a "Motion for Exclusion of Tatiana Khodakova from the List of Defendants," which was denied on March 13, 2012.

{¶7} RBS subsequently filed a motion for summary judgment, which was granted by the magistrate on March 13, 2012, "as to all claims." Appellants thereafter filed objections, which were overruled by the trial court on August 17, 2012. On September

10, 2012, the trial court adopted the magistrate's decision in a full judgment entry of foreclosure. In its entry, the trial court rendered judgment in favor of RBS, against Yuriy Y. Krasnov, in the sum of $87,058.16, plus interest at the rate of 5.25 percent per annum from May 1, 2010. Significantly, the trial court's judgment entry omitted the language "as to all claims" contained in the magistrate's March 13, 2012 decision.

{¶8} On September 26, 2012, appellants filed a notice of appeal with this court. While the appeal was pending before this court, a sheriff's sale of the property was completed on November 13, 2012.

{¶9} On April 29, 2013, this court dismissed appellants' appeal for lack of a final, appealable order, finding that the trial court's judgment entry of foreclosure adopting the magistrate's decision failed to resolve appellants' counterclaim against RBS. *RBS Citizens, N.A. v. Krasnov*, 8th Dist. Cuyahoga No. 98997, 2013-Ohio-1670.

{¶10} On remand, RBS filed a motion for summary judgment relating to the allegations raised in Krasnov's counterclaim. On August 29, 2013, appellants filed a brief in opposition to RBS's motion for summary judgment. On February 12, 2014, the trial court granted RBS's motion for summary judgment and, via nunc pro tunc entry, adopted the prior magistrate's decision, making clear that judgment was awarded in favor of RBS "as to all claims," including the entry of foreclosure and all counterclaims.

{¶11} Appellants now bring this timely appeal, pro se, raising five assignments of error for review.

### III. Law and Analysis

## A. Summary Judgment

{¶12} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶13} This court, in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17, held that to prevail on a motion for summary judgment claim in a foreclosure action the plaintiffs must prove:

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

{¶14} To establish the above facts, RBS attached copies of the original Note and Mortgage and the affidavit of its Foreclosure Specialist, Bernice Russell. Civ.R. 56(E) provides in pertinent part that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.
>
> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant

satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

{¶15} Russell's affidavit and supporting documentation were sufficient to meet RBS's initial burden under Civ.R. 56(C). Russell averred that she is the custodian of the bank's business records and has personal knowledge of the bank's procedures for creating and maintaining records kept in the course of the bank's regularly conducted business. Russell further averred that the copy of the Note and Mortgage naming RBS as original lender, attached to the complaint, were true and accurate copies of the original instruments and that RBS is and was in possession of the Note prior to the filing of the complaint for foreclosure. Finally, Russell averred that the bank's records demonstrated that appellants were in default since June 2010, that all conditions precedent required under the Note and Mortgage necessary to accelerate the balance due had been met, and that the accelerated balance due on the loan was $87,058.16, plus interest at 5.25 percent.

{¶16} In our view, Russell's affidavit and supporting documentation were sufficient to meet RBS's burden of proof for summary judgment under Civ.R. 56(C). *See, e.g., Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 16.

{¶17} Notwithstanding the documentary evidence offered by RBS, appellants raise a number of challenges to the trial court's judgment in their five assignments of error.

**B. Necessary Parties to Foreclosure**

**{¶18}** In their first assignment of error, appellants argue that the trial court erred in denying their motion to exclude Tatiana Khodakova as a necessary party. Appellants argue that because Tatiana did not sign the subject Note and only signed the subject Mortgage to "release her dower interest," she is not a proper party to this action, and judgment should not have been awarded against her.

**{¶19}** Generally, the holders of rights or interest in property are necessary parties to a foreclosure action. *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092; *see also State ex rel. Squire v. Kofron*, 58 Ohio App. 65, 15 N.E.2d 783 (8th Dist.1937) (noting that "[a]ll parties who have any title, right, or interest in real estate, are necessary parties in a foreclosure action"). Accordingly, there is no discernable error resulting from the trial court's decision to include Tatiana as a necessary party in this action. Although Tatiana has no obligation under the Note, she has rights and significant interests in the property securing the Note obtained by her husband. Despite appellants' contentions to the contrary, judgment in the sum of $87,058.16, plus interest, was entered against Yuriy Y. Krasnov individually. Tatiana's involvement in this matter served only to extinguish her property rights in favor of the successful purchaser at sheriff's sale. Thus, the trial court did not err in denying appellants' motion to exclude Tatiana as a party to this foreclosure action.

**{¶20}** Appellants' first assignment of error is overruled.

### C. Standing to Bring Foreclosure Action

**{¶21}** In their second assignment of error, appellants argue that summary judgment was inappropriate because RBS was not the holder of the Note and Mortgage at the time the foreclosure complaint was filed.   We disagree.

**{¶22}** In contesting RBS's standing, appellants rely on an unauthenticated exhibit dated October 14, 2009, as evidence that Fannie Mae owned the Note, Mortgage, and loan.   Appellants contend that the exhibit titled "Notification of Assignment, Sale or Transfer of Your Mortgage Loan" demonstrates that RBS did not hold the Note or Mortgage at the time it filed its complaint, and therefore it did not have standing to bring the foreclosure action.   Notwithstanding the unauthenticated nature of the Fannie Mae document, we find appellants' argument to be without merit.

**{¶23}** The Ohio Supreme Court addressed the issue of standing in a foreclosure action in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.   In *Schwartzwald,* the court found that a plaintiff must have standing at the time it files the complaint in order to invoke the jurisdiction of the court.   *Id.* at ¶ 41-42.   "[A] party may establish its interest in the suit, and therefore have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." *CitiMortgage v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 (8th Dist.), *discretionary appeal not allowed*, 135 Ohio St.3d 1414, 2013-Ohio-1622, 986 N.E.2d 30.

**{¶24}** Significant to the arguments raised by appellants, the current holder of the note and mortgage is entitled to bring a foreclosure action against a defaulting mortgagor,

even if the current holder is not the owner of the note and mortgage. *See* R.C. 1303.31(B) ("[a] person may be a 'person entitled to enforce' the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument"). Accordingly, in the case before us, Fannie Mae's ownership status is not relevant. Instead, the relevant issue is whether RBS had the right to enforce the Note and Mortgage when it filed its complaint for foreclosure.

{¶25} As stated, RBS presented sufficient evidentiary material demonstrating that it was the holder of the Note at the time it filed its foreclosure complaint. The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Here, RBS attached a copy of the original Note, which identified RBS as the original lender, to its motion for summary judgment. The Note was accompanied by the affidavit of RBS Foreclosure Specialist Bernice Russell, who averred that RBS "is and was prior to filing of the complaint herein, in possession of the note." Furthermore, RBS attached a copy of the original Mortgage, which was recorded in the Cuyahoga County Recorder's Office on September 2, 2009. The Mortgage listed "Yuriy Krasnov, Married" as borrower and RBS as the original lender.

{¶26} Thus, the evidence established that RBS was the holder of appellants' Note and Mortgage at the time it filed its complaint, and therefore RBS was entitled to bring a foreclosure claim against appellants when they defaulted on their Note. Although

appellants' debt under the Mortgage may have been sold to investors like Fannie Mae, appellants' Note and Mortgage remained titled to RBS, which remained the servicing lender. Contrary to what appellants allege, although the debt associated with the Note and Mortgage was sold to Fannie Mae, the Note and Mortgage were never assigned to Fannie Mae. Moreover, the sale of the debt associated with the Note and Mortgage did not alter RBS's status as the current holder of the Note. *See* R.C. 1303.31(A)-(B) and *BAC Home Loans Servicing, L.P. v. Kolenich*, 12th Dist. Butler No. CA2012-01-001, 2012-Ohio-5006.

**{¶27}** Based on the foregoing, we find that RBS was a real party in interest, and therefore had standing to bring this foreclosure action.

**{¶28}** Appellants' second assignment of error is overruled.

### D. Appellants' Counterclaims

**{¶29}** In their third assignment of error, appellants argue that summary judgment in favor of RBS was inappropriate where the court failed to resolve the allegations contained in appellants' counterclaims. After a careful review of the record, we find that the trial court did consider appellants' counterclaims and properly determined that RBS was entitled to summary judgment on those claims.

**{¶30}** On appeal, RBS contends that it was entitled to summary judgment on appellants' counterclaims based on appellants' failure to submit sufficient evidentiary materials pursuant to Civ.R. 56(C) and (E). We agree.

{¶31} As stated, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest on the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735, 600 N.E.2d 791 (8th Dist.1991).

{¶32} In the case at hand, appellants' counterclaims alleged that RBS engaged in fraudulent lending practices and acted in bad faith prior to filing its complaint for foreclosure in this matter. Specifically, the counterclaims alleged that: (1) RBS conducted a fraudulent inspection and appraisal of the subject property before granting the loan, thus inducing appellants to pay more for the house than its actual market value; (2) RBS negligently administered the escrow account affiliated with the subject mortgage and loan; and (3) RBS sabotaged appellants' application for loan relief.

{¶33} In response to the allegations raised in appellants' counterclaims, RBS argued in its motion for summary judgment that the appraisal at issue was performed by O'Brien Real Estate Appraisals, Inc., an independent contractor, and was intended solely for RBS to evaluate the property before approving appellants' loan. The appraisal

expressly stated that "the intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction." Thus, RBS contended that appellants' reliance on the appraisal was inappropriate and unreasonable. *See Ralston v. Scalia*, 5th Dist. Stark No. 94 CA 0190, 1995 Ohio App. LEXIS 3732 (May 15, 1995) (holding that if an appraiser is an independent contractor and the appraisal was conducted for the primary benefit of the bank, there can be no liability resulting against the bank in favor of the borrower as to allegations of a faulty appraisal because the borrower's reliance on such an appraisal is unreasonable).

{¶34} Moreover, RBS argued that its administration of the escrow account, including payment of the required taxes and insurance premiums, was completed within the terms of the mortgage.

{¶35} Finally, RBS argued that appellants' allegations of bad faith must fail as a matter of law where there is no express provision in the Note or Mortgage that required the bank to participate in loan-modification negotiations before exercising its right to foreclose. In support of its position, RBS attached sufficient evidentiary material to its motion, including the deposition transcripts of Yuriy K. Krasnov, the affidavit of Foreclosure Specialist Bernice Russell, and copies of the subject Note and Mortgage. In our view, RBS satisfied its initial burden under Civ.R. 56(C).

{¶36} In contrast, appellants failed to attach any evidentiary material to their opposition brief. Instead, appellants' opposition brief relied on nothing more than mere

denials of RBS's evidence, the unsupported allegations raised in their counterclaims, and the unauthenticated documents and photos attached to various pleadings. *See Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) ("Unsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment").

{¶37} With appellants having failed to offer proper evidence to establish a genuine issue of material fact, the trial court did not err by granting summary judgment in favor of RBS "on all claims," including appellants' counterclaims.

{¶38} Appellants' third assignment of error is overruled.

### E. Discovery Motions

{¶39} In their fourth assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of RBS before ruling on their discovery-related motions or motions for conclusions of fact and conclusions of law.

{¶40} Initially, we note that "it is well settled in Ohio that a trial court is not required to issue a written opinion containing findings of fact and conclusions of law when ruling on a motion for summary judgment." *Solomon v. Harwood*, 8th Dist. Cuyahoga No. 96256, 2011-Ohio-5268, ¶ 61.

{¶41} Moreover, this court has no basis to conclude that the trial court erred in granting summary judgment in favor of RBS while requests for discovery were pending. Here, the record reflects that RBS responded to appellants' continued requests for discovery to the extent required under the Civil Rules.

**{¶42}** If appellants felt that they were attempting to respond to RBS's summary judgment motion before adequate discovery was completed, their proper remedy was to move the trial court to delay judgment under Civ.R. 56(F). *See Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579; *Alexander v. Tullis,* 11th Dist. Portage No. 2005-P-0031, 2006-Ohio-1454 (stating that when discovery is not yet complete and a party files a motion for summary judgment, the nonmoving party's remedy is to move the trial court to delay judgment under Civ.R. 56(F)). When a party fails to file a motion pursuant to Civ.R. 56(F), that party fails to preserve its right on appeal, and a trial court does not err in determining the summary judgment motion. *Taylor v. XRG, Inc.*, 10th Dist. Franklin No. 06AP-839, 2007-Ohio-3209, ¶ 17.

**{¶43}** In the instant case, the record is devoid of any indication that appellants attempted to comply with Civ.R. 56(F); nor does their status as pro se litigants excuse them from complying with the same rules with which represented parties must comply. Because appellants did not avail themselves of the remedies Civ.R. 56(F) provides, any discovery they lacked does not present a basis to reverse the trial court's judgment.

**{¶44}** Appellants' fourth assignment of error is overruled.

### F. Alleged Procedural Errors

**{¶45}** In their fifth assignment of error, appellants argue that the magistrate and trial court committed procedural errors and lied on numerous occasions in their journalized entries. Appellants further incorporate arguments previously raised in their prior assignments of error. We find no merit to appellants' egregious assertions.

**{¶46}** Appellants' fifth assignment of error is overruled.

## IV. Conclusion

**{¶47}** Based on the foregoing, the trial court did not err in granting summary judgment in favor of RBS "as to all claims."

**{¶48}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR