[Cite as *Citimortgage, Inc. v. Bocock*, 2015-Ohio-341.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

CITIMORTGAGE, INC.                                    :

      Plaintiff-Appellee                          :       C.A. CASE NO. 26366

                                                      :

v.                                                    :       T.C. NO. 13CV6286

                                                      :

WESLEY A. BOCOCK                                      :       (Civil appeal from
                                                     :        Common Pleas Court)

      Defendant-Appellant                         :

                                                     :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of ___January___, 2015.

. . . . . . . . . . .

KEVIN L. WILLIAMS, Atty, Reg. No. 0061656, P. O. Box 165028, Columbus, Ohio 43216
      Attorney for Plaintiff-Appellee

WESLEY A. BOCOCK, 1986 Halford Court, Dayton, Ohio 45440
      Defendant-Appellant

DOUGLAS TROUT, Atty. Reg. No. 0072027, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Montgomery County Treasurer

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} The instant appeal stems from a residential foreclosure action initiated by plaintiff-appellee Citimortgage, Inc. on October 15, 2013, against defendant-appellant Bocock, amongst others, regarding real property located 4311 Nevada Drive, Dayton,

Ohio 45416.

{¶ 2} The record establishes that on or about May 23, 2005, Shirley Anne Hoffman, AKA Shirley Anne Bocock, AKA Shirley Ann Bocock executed and delivered the note and mortgage at issue in this appeal. The mortgage went into default, and Citimortgage filed a complaint for foreclosure on October 15, 2013. Bocock was properly served on November 12, 2013, but failed to file an answer. Thereafter, the trial court, upon Citimortgage's motion, entered a default judgment against Bocock and all other named defendants. In its Judgment Entry and Foreclosure Decree issued on December 20, 2013, the trial court granted default judgment to Citimortgage. Bocock did not appeal from the trial court's grant of default judgment.

{¶ 3} The subject property was subsequently sold at a sheriff's sale on July 11, 2014. On August 1, 2014, the Confirmation of Sale and Distribution of Proceeds was issued by the trial court. Bocock filed a pro se notice of appeal with this Court on August 26, 2014.

{¶ 4} Initially, we note that Bocock failed to set forth any proper assignments of error in his brief as required by App.R. 16(A)(3). Rather, Bocock simply argues that he is appealing in order to "defend [his] good reputation and credit history." Bocock also contends that Citimortgage either engaged in some unnamed fraudulent act or made a mistake by naming him as a defendant in the instant case. Significantly, Bocock does not argue that the trial court erred by granting the default judgment and issuing the Judgment Entry and Foreclosure Decree on December 20, 2013. Nor does Bocock challenge the trial court's decision confirming the sheriff's sale of the subject property. Although Bocock has failed to comply with App.R. 16(A)(3), we will, nevertheless,

address his arguments.

{¶ 5} A person holding an interest in mortgaged property is a necessary party to a foreclosure action. *Western Mortgage & Realty Co. v. Bouquett*, 2d Dist. Montgomery No. 15441, 1996 WL 99775, *4 (March 8, 1996), citing *Hembree v. Mid-America Federal Savings & Loan Assn.*, 64 Ohio App.3d 144, 580 N.E.2d 1103 (2d Dist.1989), abrogated on other grounds, *Hausman v. Dayton*, 73 Ohio St.3d 671, 675, 653 N.E.2d 1190 (1995); *see also Nutter v. Phillips*, 2013-Ohio-184, 986 N.E.2d 579, ¶ 6-7 (2d Dist.) ("Necessary parties to a foreclosure action include those with an interest in the equity to be foreclosed."). " '[I]n order to foreclose or cut off [a property] right * * * the party holding the right must be joined in the action.' " *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 11AP-926, 2012-Ohio-2471, ¶ 19, quoting *Hembree* at 152.

{¶ 6} In the instant case, the record establishes that Bocock was the title owner of the subject property at the time that the foreclosure was obtained. Specifically, Shirley Hoffman transferred the title to the property to Bocock in a document executed on October 15, 2012. The transferred title was recorded two days later on October 17, 2012. The title owner to a property is a necessary party to a foreclosure action. *Davet v. Sensenbrenner*, 8th Dist. Cuyahoga No. 98636, 2012-Ohio-5898, ¶ 19; see also *Hembree*, 64 Ohio App.3d 144, 152, 580 N.E.2d 1103 (2d Dist.1989).

{¶ 7} Bocock, however, did not sign the promissory note for which the property was pledged as security. The promissory note remained solely in Hoffman's name. Accordingly, Cititmortgage has made no claims that Bocock owed any money or failed to pay any debt as a result of the foreclosure action. Bocock was only named as a defendant in order to ensure that any parties who may claim an interest in the subject

property were placed on notice so that they could act to protect their interests and so that those interests could be released from the title following the sheriff's sale. Simply put, Bocock was the titled owner of the subject property and was named as a defendant as required by law. After he was properly served with the foreclosure complaint, Bocock failed to file an answer and was subsequently defaulted out of the case. On the record before us, we can find no error or impropriety with respect to the naming of Bocock as a defendant in the instant case.

{¶ 8} Moreover, it is well-settled in the State of Ohio that two judgments are appealable in foreclosure actions, to wit: 1) the order of foreclosure and sale; and 2) the order of confirmation of sale. *Citimortgage v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 35. The trial court judgment entry of foreclosure issued on December 20, 2013, stated that Citimortgage had established all of the necessary elements of an action on a note and to foreclose the lien of the mortgage. The trial court also entered a default judgment against Bocock and all other non-answering parties in the judgment entry of foreclosure. It is undisputed that Bocock did not appeal from the foreclosure order.

{¶ 9} If Bocock wanted to challenge the foreclosure order, he could have appealed from the order within the appropriate appeal time pursuant to App. R. 4(A)(1). Additionally, if Bocock discovered a mistake that was not evident from the record, he could have also filed a Civ.R. 60(B) motion, asking for relief from the judgment. *Fed. Nat. Mort. Assoc. v. Day*, 158 Ohio App.3d 349, 2004-Ohio-4514, 815 N.E.2d 730, ¶ 15 (2d Dist.). Instead, Bocock filed an appeal from the confirmation order of sale. That was not appropriate since the proper time to challenge the existence and extent of mortgage

liens is in the foreclosure action. *Id.*; see *Bank One Dayton, N.A. v. Ellington*, 105 Ohio App.3d 13, 16, 663 N.E.2d 660 (2d Dist.1995) (the time to raise potential defects with the mortgage instrument is when the validity of the instrument is before the court, i.e., in the foreclosure action).

{¶ 10} However, Bocock did not appeal from the foreclosure order as he should have, and he therefore, waived any argument regarding that order. Rather, Bocock's appeal was from the confirmation of sale issued on August 1, 2014, but his brief contained no assignments of error or arguments regarding the validity of the confirmation entry. Accordingly, any issues regarding the foreclosure order are res judicata in light of Bocock's failure to appeal from that order, and he has failed to assign any error with respect to the confirmation of sale.

{¶ 11} In light of the foregoing, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Kevin L. Williams
Wesley A. Bocock
Douglas Trout
Hon. Dennis J. Langer